UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WENDY PEREZ,

        Plaintiff,

v.                                                                                   Case No:   6:20-cv-1341-LHP

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant

---

ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** RICHARD A. CULBERTSON'S UNOPPOSED REQUEST FOR AUTHORIZATION TO CHARGE A REASONABLE FEE AND MEMORANDUM ON REASONABLE FEES PURSUANT TO 42 U.S.C. § 406(b) (Doc. No. 35)
>
> **FILED:** December 28, 2023
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

## I.    BACKGROUND.

Prior to filing the above-styled case, on July 22, 2020, Wendy Perez ("Claimant") entered into a contingency fee agreement with Richard A. Culbertson, Esq., for the purpose of appealing the Commissioner of Social Security's ("the Commissioner") denial of Claimant's request for social security disability benefits. Doc. No. 35-1.   In the event that the Court remanded the case to the Commissioner for further proceedings and the Commissioner awarded Claimant past-due benefits, then, under the agreement, Claimant agreed to pay Attorney Culbertson and his law firm a fee of twenty-five percent (25%) of the total amount of the past-due benefits ultimately awarded.   *Id.*

On July 28, 2020, Claimant filed a complaint against the Commissioner, alleging that the Commissioner improperly denied her request for supplemental security income and disability insurance benefits.   Doc. No. 1.   On February 16, 2022, the Court[1] reversed and remanded the matter to the Commissioner for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).   Doc. No. 30.

Following remand, Claimant timely moved for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).   Doc. No. 33.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge in this case.   Doc. Nos. 23, 27–28.

According to that motion, Claimant's counsel and his law firm spent a total of 28.8 hours working on this case before this Court.  *Id.*  On April 20, 2022, the Court granted the motion in part and awarded Claimant a total of $3,971.93 in attorney's fees pursuant to the EAJA.   Doc. No. 34.

On remand, the Commissioner found that Claimant was disabled and awarded her a total of $48,987.00 in past-due benefits.  Doc. No. 35-2, at 3.  On December 28, 2023, Attorney Culbertson filed the above-styled motion seeking authorization to collect a total of $8,274.82 in attorney's fees from Claimant pursuant to 42 U.S.C. § 406(b), which is twenty-five percent (25%) of the past-due benefits awarded ($12,246.75) minus the EAJA fees previously awarded by the Court ($3,971.93).   Doc. No. 35.   The Commissioner does not oppose the motion.  *Id.* at 3.   The matter is ripe for review.

## II. APPLICABLE LAW.

Attorney Culbertson seeks attorney's fees pursuant to 42 U.S.C. § 406(b), which provides, in relevant part, as follows:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).[2]  The statute further provides that it is unlawful for an attorney to charge, demand, receive or collect for services rendered in connection with proceedings before a court any amount in excess of that allowed by the court. *Id*. § 406(b)(2).   Therefore, to receive a fee under this statute, an attorney must seek court approval of the proposed fee, even if there is a fee agreement between the attorney and the client.

In *Bergen v. Comm'r of Soc. Sec.*, 454 F.3d 1273 (11th Cir. 2006), the Eleventh Circuit held that § 406(b) "authorizes an award of attorney's fees where the district court remands the case to the Commissioner of Social Security for further proceedings, and the Commissioner on remand awards the claimant past-due benefits."  *Id*. at 1277.   Accordingly, if the court remands a case to the Commissioner, the claimant's attorney is entitled to recover his attorney's fees for

---

[2] In *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the United States Supreme Court determined that the 25% limit on the amount of fees to be awarded from past-due benefits applies only to fees for court representation, rather than to the aggregate of fees awarded for work at the administrative level pursuant to 42 U.S.C. § 406(a) and fees awarded for work in a court pursuant to 42 U.S.C. § 406(b).  In this decision, the Supreme Court reversed previous controlling law in this Circuit that required the court to consider § 406(a) fees and § 406(b) fees in the aggregate when calculating the 25% limit on the amount of fees that could be awarded from past-due benefits.  *See Dawson v. Finch*, 425 F.2d 1192 (5th Cir. 1970).   Accordingly, the Court has not considered any § 406(a) fees that have been awarded to Claimant's administrative representative.

the work he performed before the court under § 406(b) if, on remand, the Commissioner awards the claimant past-due benefits.  *Id.*

An attorney cannot recover a fee for the same work under both the EAJA and § 406(b)—both of which compensate the attorney for the attorney's efforts before the district court.  If the court awards an attorney fee pursuant to both provisions, then the attorney must refund to claimant the amount of the smaller fee.  *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002).  The attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from the attorney's subsequent § 406(b) fee request.  *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1274 (11th Cir. 2010).

The reasonableness of an attorney fee under § 406(b) depends on whether the claimant agreed to pay the attorney an hourly rate or a contingency fee.  In the case of a contingency fee, the best indicator of "reasonableness" is the percentage actually negotiated between the claimant and the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).  However, a court cannot rely solely on the existence of a contingency fee agreement.  *See Gisbrecht*, 535 U.S. at 807–08.  Rather, a court must review the contingency fee agreement as an independent check to ensure that it yields a reasonable result in each particular case.  *Id.*  In determining whether the amount sought is reasonable, the court may consider the following factors: (1) the character of the attorney's representation and the result achieved; (2) the

number of hours spent representing the claimant and the attorney's normal billing rate; (3) the risk involved in taking claimant's case on a contingency basis; and (4) whether the attorney was responsible for delaying the proceedings. *See id*. at 808; *see also McGuire v. Sullivan*, 873 F.2d 974, 981 (7th Cir. 1989); *McKee v. Comm'r of Soc. Sec.*, No. 6:07-cv-1554-Orl-28KRS, 2008 WL 4456453, at *5 (M.D. Fla. Sept. 30, 2008); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363, 1365 (N.D. Ga. 2005) (noting that the hours spent and billing rate do not control a court's determination of overall reasonableness). The attorney seeking fees under § 406(b) bears the burden of showing that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807 n.17; *McKee*, 2008 WL 4456453, at *5.

### III. ANALYSIS.

Attorney Culbertson represented Claimant before this Court and, through his advocacy, achieved a reversal and remand of the Commissioner's final decision. *See* Doc. Nos. 29–30. Ultimately, the Commissioner found that Claimant was disabled and awarded her a total of $48,987.00 in past-due benefits. Doc. No. 35-2, at 3. Attorney Culbertson is therefore entitled to an award of attorney's fees under § 406(b). *See Bergen*, 454 F.3d at 1271.

Attorney Culbertson is entitled to recover up to twenty-five (25%) percent of the past-due benefits awarded to Claimant, *i.e.*, $12,246.75. *See* 42 U.S.C. § 406(b)(1)(A); Doc. No. 35-1; Doc. No. 35-2, at 3. Attorney Culbertson has elected to

effectuate the requisite refund of the EAJA award, *i.e.*, $3,971.93, by reducing his request for attorney's fees under § 406(b) by the amount previously awarded under the EAJA. *See Jackson*, 601 F.3d at 1271. Considering this reduction, Attorney Culbertson is entitled to collect a total of $8,274.82 in attorney's fees under § 406(b), which is the amount he seeks by the present motion. *See* Doc. No. 35.

The Court finds that the amount Attorney Culbertson requests in § 406(b) fees is reasonable. First, Claimant entered into a contingency fee agreement, in which she agreed to pay Attorney Culbertson and his law firm a fee of twenty-five percent of the total amount of the past-due benefits ultimately awarded. *See* Doc. No. 35-1. This agreement militates in favor of finding that the requested amount is reasonable. *See Wells*, 907 F.2d at 371. Second, Attorney Culbertson and his law firm spent a total of approximately 28.8 hours litigating Claimant's case before this Court. *See* Doc. Nos. 33, 35. As a result of Attorney Culbertson's advocacy, Claimant was successful on her claims and became entitled to past-due benefits. *See* Doc. No. 35-2. Third, there is no evidence that Attorney Culbertson or his law firm caused any delays in this case. Finally, Attorney Culbertson undertook significant risk of non-payment by taking this case on a contingency basis after the Commissioner denied Claimant's request for disability benefits. In light of the foregoing, the Court finds that Attorney Culbertson's request for $8,274.82 in attorney's fees under § 406(b) reasonable under the circumstances of this case.

**IV.  CONCLUSION.**

Based on the foregoing, it is **ORDERED** that:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. No. 35) is **GRANTED**.

2. Attorney Culbertson is authorized to charge and collect from Claimant a total of $8,274.82 under § 406(b).

**DONE** and **ORDERED** in Orlando, Florida on January 4, 2024.

*Leslie Hoffman Price*
LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties